UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Adrian Townsend,<br>Plaintiff,<br><br>v.<br><br>Nextone, Inc. d/b/a Palmetto Publishing,<br>Defendant. | CASE NO.: ____________________<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission (EEOC).

   b. Notification of the Right to Sue was received from the EEOC on or about July 8, 2026.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Adrian Townsend, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Nextone, Inc. d/b/a Palmetto Publishing, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about September 30, 2024, Plaintiff (African American) began working for Defendant as a consultant.

11. Beginning on or about March 18, 2025, Plaintiff was subjected to racial discrimination by Ava Gil, Plaintiff's co-worker, and Laura Cuming, Plaintiff's manager. Plaintiff reported the inappropriate actions to his employer.

12. Ms. Gil reassigned a sales lead to a white co-worker because the potential customer was a white man, and Ms. Gill wanted the lead to go to a white person. The Plaintiff reported this incident, but nothing was done.

13. Ms. Cumings reassigned several accounts from Plaintiff to other Caucasian co-workers, resulting in Plaintiff having a smaller book of business and less commission. Plaintiff again reported the racial discrimination, but nothing was done.

14. On another occasion, Ms. Cuming reassigned a larger customer to herself saying that the customer had requested she take over. However, the customer later emailed Plaintiff and Ms. Cuming stating that they did not request the change and asked for an explanation. Plaintiff again reported this as racial discrimination, but nothing was done.

15. Defendant retaliated against Plaintiff for reporting the acts and failed to stop the discrimination, detrimental treatment, and inappropriate behavior, thereby creating a hostile work environment. Plaintiff was terminated on or about August 1, 2025, for his reports of discrimination.

16. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, detrimental treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Despite his reporting the behavior, Defendant did not take appropriate action to resolve the problems.

## FOR A FIRST CAUSE OF ACTION
**Violation of Title VII and §1981 - Racial Discrimination**

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Plaintiff is a member of a protected group on the basis of his race and/or color. Plaintiff was retaliated against and terminated based on his race and/or color in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

20. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In failing to continue to employ Plaintiff due to his race and/or color;

b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

c. In discharging Plaintiff due to his race and/or color and in retaliation for filing reports of the discrimination and inappropriate behavior.

21. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

23. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race and/or color, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

24. Defendant's employment discrimination and retaliation of Plaintiff have caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

25. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

26. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **FOR A SECOND CAUSE OF ACTION**
## **Violation of Title VII and §1981 - Retaliation**

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on his race and/or color, Plaintiff was terminated from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

29. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

31. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

32. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A THIRD CAUSE OF ACTION**
**Hostile Work Environment**

33. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. Once Plaintiff asserted his rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), Plaintiff was subjected to adverse terms and conditions by the Defendant causing a hostile work environment.

35. The Defendant's wrongful actions arising from Plaintiff's protected activity, as set forth aforesaid, constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing a hostile work environment to exist in the workplace.

36. The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff by creating a hostile work environment.

37. That the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

38. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental

anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses

**REQUEST FOR RELIEF**

39. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

41. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;
3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*

Matthew O. King (Fed. I.D. # 13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
October 1, 2026